IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EXPRESS SERVICES, INC., a Colorado corporation,<br><br>　　　Plaintiff,<br><br>v.<br><br>GARRETT HOLDING CO., a Missouri corporation;<br>JAMES GARRETT, an individual; and<br>COURTNEI GARRETT, an individual,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-24-239-SLP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

Upon review of the Complaint [Doc. No. 1], the Court finds insufficient factual allegations to support the assertion of federal subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.[1]  The Complaint alleges Defendants James Garrett and Courtnei Garrett are "individual[s] who reside[] in Kansas City, Missouri." *Id.* ¶¶ 3-4.  Plaintiff does not, however, allege the domicile of either individual Defendant.

"An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015); *see also Whitelock v. Leatherman*, 460 F.2d 507, 514 n. 14 (10th Cir. 1972) (holding that "an allegation that a party defendant is a resident

---

[1] "[F]ederal courts unquestionably 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1260 (10th Cir. 2018) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court" (internal quotation marks omitted)).  Therefore, the Court finds Plaintiff has failed to carry its burden, as the party invoking federal jurisdiction, to establish the existence of complete diversity of citizenship between the parties.

IT IS THEREFORE ORDERED that Plaintiff shall file an amended complaint to allege sufficient factual allegations demonstrating diversity jurisdiction within 14 days of the date of this Order.[2]  If necessary, Plaintiff may allege diversity information pertaining to Defendants based on information and belief.  Plaintiff's failure to comply with this Order may result in this case being dismissed without prejudice.  Plaintiff shall serve the amended complaint upon Defendants by one of the means set forth in Federal Rule of Civil Procedure 5(b).

IT IS FURTHER ORDERED that Plaintiff's Motion for Entry of Default [Doc. No. 6] is DENIED AS MOOT, but without prejudice.

IT IS SO ORDERED this 31st day of July, 2024.

*(signature)*

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff is also directed to file its corporate disclosure statement, for which there is a form available on the Court's website.  *See* Fed. R. Civ. P. 7.1.