IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EXPRESS SERVICES, INC., a Colorado corporation, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | Case No. CIV-24-239-SLP |
| GARRETT HOLDING CO., a Missouri corporation; JAMES GARRETT, an individual; and COURTNEI GARRETT, an individual, ) ) ) ) ) ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Plaintiff Express Services, Inc.'s First Amended Motion for Default Judgment [Doc. No. 17]. No response has been filed. For the reasons set forth below, the Court finds default judgment should be entered, and the Motion is GRANTED.

**I.    Background**

Plaintiff Express Services, Inc. (Express) filed this filed this action on March 6, 2024, asserting claims for breach of contract and unjust enrichment against Defendants James Garrett, Courtnei Garrett, and Garrett Holding Co. (Garrett Holding). *See* Compl. [Doc. No. 1]. Express filed its First Amended Complaint [Doc. No. 9] on August 6, 2024.[1] Express seeks money damages for the failure of Garrett Holding to make any payments

---

[1] The Court entered an Order on July 31, 2024 requiring Express to file an amended complaint alleging sufficient factual allegations to demonstrate that the Court has subject matter jurisdiction based on diversity of citizenship. *See* Order [Doc. No. 7].

pursuant to a promissory note and the concomitant failure of the Garretts to make payments as guarantors. *See generally* Am. Compl. [Doc. No. 9].

The Garretts and Garrett Holding were served with Summons and copies of the Complaint on April 30, 2024. *See* Proofs of Service [Doc. Nos. 3, 4, 5].[2] On November 1, 2024, upon Express's showing that the Garretts and Garrett Holding failed to answer or otherwise respond, the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a). [Doc. No. 15]. The record, therefore, reflects that Plaintiff has satisfied the procedural requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b).

## II.   Governing Law

After entry of default, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citations omitted). When deciding a motion for default judgment, the court accepts as true the well-pleaded factual allegations of the complaint. *See Mathiason v. Acquinas Home Health Care, Inc.*, 187 F.Supp.3d 1269, 1274 (D. Kan. 2016); *see also Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (in the event a party is in default, the plaintiff is "relieved . . . from having to prove the complaint's factual allegations."). Ultimately, the entry of a default judgment is committed to the sound discretion of the trial court. *Welch*, 810 F.3d at 764.

---

[2] Pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), Express also mailed the Amended Complaint [Doc. No. 9] and all subsequent filings to Defendants at their address of record. *See* [Doc. Nos. 11, 14, 18].

### III. <u>Discussion</u>

#### A. **Jurisdiction and Venue**

The Court has engaged in a review of its jurisdiction over both the subject matter of the Amended Complaint and the parties as required upon a motion for default judgment. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). The Court is satisfied that both subject matter jurisdiction and personal jurisdiction exist.

This matter involves an amount in controversy in excess of $75,000.00 and is between citizens of different states: Express is a citizen of Colorado and Oklahoma, while the Garretts and Garrett Holding are citizens of Missouri. *See* Am. Compl. [Doc. No. 9] ¶¶ 1-4; *see also* 28 U.S.C. § 1332(c)(1). Moreover, Garrett Holding and the Garretts agreed that any action with respect to the promissory note or guaranty agreement would be brought in Oklahoma, either this Court or the District Court of Oklahoma County. *See* [Doc. No. 9-1] at 4; *see also* [Doc. No. 9-2] at 6; *Williams*, 802 F.2d at 1202 ("[J]urisdiction over a party may be conferred upon a court by contractual agreement of the parties"); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n. 14, (1985) ("Where such forum-selection provisions have been obtained through freely negotiated agreements and are not unreasonable and unjust, their enforcement does not offend due process." (internal quotation marks and citation omitted)). Finally, the Garretts and Garrett Holding have waived any defect in venue due to their failure to respond. *See Williams*, 802 F.2d at 1202.

#### B. **Allegations of the Amended Complaint**

Express alleges that it entered into a promissory note [Doc. No. 9-1] with Garrett Holding on June 1, 2022. Am. Compl. [Doc. No. 9] ¶ 5. Pursuant to the note, Express

3

loaned $342,579.26 to Garrett Holding to be repaid in thirty-five equal monthly installments beginning June 15, 2022. *Id.* ¶ 10. The note included a default interest rate of 8.5% per annum. *Id.* ¶¶ 24, 29, 35; *see also* [Doc. No. 9-1] at 6.

In connection with the note, the Garretts executed a guaranty agreement [Doc. No. 9-2] the same day. Am. Compl. [Doc. No. 9] ¶ 12. Pursuant to that agreement, Mr. and Mrs. Garrett guaranteed to make prompt payment of all amounts due under the note "jointly and severally" and as "primary obligor[s] and not only . . . sureties[.]" *Id.* ¶ 13. The Garretts agreed to pay "all principal, interest and other fees, costs, expenses and sums required to be paid pursuant to the note" in addition to "all collection expenses, reasonable legal expenses and attorneys' fees related thereto permitted by law."[3] *Id.* ¶ 14.

Garrett Holding and the Garretts have failed and refused to make any payments owed under the note and guaranty agreement. *Id.* ¶ 15. Express made a demand for payment on February 16, 2024, but the Garretts have refused to remit payment. *Id.* ¶¶ 16, 17. Accordingly, Garrett Holding and the Garretts are in default and have breached the promissory note and the guaranty agreement, respectively. *See id.* ¶¶ 11, 16-29.

**C. Relief Requested**

"If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further

---

[3] The note similarly provides that Garrett Holding would "reimburse" Express for "reasonable fees and expenses of counsel, incurred by [Express] in connection with . . . the enforcement of [Express's] rights [t]hereunder." [Doc. No. 9-1] at 3.

hearing." *United States v. Craighead*, 176 Fed. App'x 922, 925 (10th Cir. 2006) (internal quotation marks and citation omitted); *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation.").

Express seeks a sum certain based on the amount owed under the note plus interest. Express has included the principal amount of $342,579.26 in the Amended Complaint, [Doc. No. 9] ¶ 10, and has attached both the note [Doc. No. 9-1] and the guaranty [Doc. No. 9-2] in support. Accordingly, the Court finds the principal amount of $342,579.26 may be properly awarded as damages for Express's breach of contract claims.[4]

In terms of actual damages owed under the agreements, Express also requests attorneys' fees in the amount of $690.00 and $11.16 in costs, for a total of $701.16. Mot. [Doc. No. 17] at 3-4. As noted, both the note and the guaranty agreement provide for payment of reasonable attorneys' fees. *See* [Doc. No. 9-1] at 3; *see also* [Doc. No. 9-2] at 6. Included with the Motion is the Affidavit of Russell C. Lissuzzo, III [Doc. No. 17-4], which includes itemized billing records for time spent by counsel in connection with the Motion, along with a breakdown for costs. *See id.*

---

[4] Because the Court finds in favor of Express on its contract claims, it does not consider any request for default judgment on the unjust enrichment claim. *See Ace Oilfield Rentals, LLC v. Western Dakota Fabrication, LLC*, No. CIV-15-672-D, 2017 WL 3841891 at *7 (W.D. Okla. Sept. 1, 2017) (recognizing that "[d]ouble recovery is prohibited in Oklahoma" and declining to assess damages on default judgment for claims including conversion, fraud and unjust enrichment where those claims were "subsumed" in the plaintiff's breach of contract claim (citing *Kruchowski v. Weyerhaeuser Co.*, 202 P.3d 144, 153-54 (Okla. 2008)).

The Court finds that the amount requested is reasonable. Counsel utilized an hourly rate of $300.00 which is reasonable and customary in the local legal community, and the time expended by counsel in connection with the Motion is reasonable. *See id.* Accordingly, pursuant to the relevant agreements, the Court will include the attorneys' fees and costs requested by counsel as actual damages in the judgment.

Express also seeks $24,971.14 in default interest accrued under the note from March 6, 2024, through January 13, 2025. [Doc. No. 17] at 3, 5. As noted, the note included a default interest rate of 8.5% per annum, and the guaranty agreement included interest owed under the note among the amounts the Garretts agreed to pay. *See* Am. Compl. [Doc. No. 9] ¶¶ 14, 24, 29, 35. Nevertheless, because additional time has passed since Express filed its Motion, and to ensure mathematical certainty, Express shall be given an opportunity to provide a calculation of total interest owed to date. Accordingly, Express is directed to file a supplemental notice within fourteen (14) days of this Order setting forth the total amount of interest owed to be included in the judgment as actual damages along with the principal amount and attorneys' fees and costs.[5]

## IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiff Express Services, Inc.'s First Amended Motion for Default Judgment [Doc. No. 17] is GRANTED. Judgment shall be

---

[5] Moreover, although it includes a per diem rate of interest in its Motion, *see* [Doc. No. 17] at 3, Express does not state whether it seeks to have future interest (i.e., that which would continue to accumulate after entry of default judgment) incorporated as part of the judgment. To the extent it does seek to have either a per diem rate of interest or other prospective relief incorporated in the judgment, Express is directed to state as much in its supplemental notice.

entered against Defendants Garrett Holding Co., James Garrett, and Courtnei Garrett, jointly and severally.

    IT IS FURTHER ORDERED that Express shall file a supplemental notice within fourteen (14) days of this Order setting forth the total amount of interest owed to date. A separate default judgment shall be entered upon determination of the total amount of accrued interest to date.

    IT IS SO ORDERED this 21st day of August, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE